```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CHARLES DENMAN KOUNTZE,

                Plaintiff,

vs.                              Case No. 2:12-cv-308-FtM-29DNF

EDWARD HARRIS KOUNTZE, individually and as Trustee of the Denman Kountze, Jr revocable trust agreement ,

                Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Amended Motion to Remand and Memorandum of Law in Support (Doc. #10) filed on June 13, 2012. Defendant filed a response on June 18, 2012. (Doc. #15.) Also before the Court is Plaintiff's Motion for Fees and Sanctions (Doc. #32) to which defendant filed a response on July 10, 2012 (Doc. #37).

In 2008, this matter was commenced in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida-Probate Division, Case No. 08-6079-CA. On June 4, 2012, the defendant filed a Notice of Removal, removing the case to federal court on the basis of complete diversity jurisdiction. 28 U.S.C. § 1332. The parties dispute whether the Notice of Removal was timely filed. Because it was not, the amended motion to remand is granted.

If the original Complaint was removable on its face, the Notice of Removal is untimely because notice of removal was required to be filed within thirty days of receipt by defendant of a copy of the initial pleading. 28 U.S.C. § 1446((b)(1). This thirty day period has long ago expired. If the case was not removable on its face, then a Notice of Removal must be "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, a case cannot be removed on the basis of diversity "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The Notice of Removal was filed long after this one year period, and there is no showing that there was any bad faith by the plaintiff that prevented defendant from removing the action. Therefore, removal of this action is untimely, and the case will be remanded to state court.

Plaintiffs seek sanctions pursuant to Fed. R. Civ. P. 11 and Fla. Stat. § 57.105, for an award of costs, fees, and sanctions against the defendant. The Court denies the motion as to sanctions pursuant to Fla. Stat. § 57.105 but grants the motion under 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 11 because the removing party

could not have had an objectively reasonable basis for removal in light of the time periods set forth in the removal statutes.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Amended Motion to Remand (Doc. #10) is **GRANTED**.

2  Plaintiff's Motion for Fees and Sanctions (Doc. #32) is **GRANTED**.  Plaintiff shall file an Affidavit as to his costs and fees directly associated with the removal within **FOURTEEN (14) DAYS** of the entry of this Opinion and Order.  Defendant may file a response **FOURTEEN (14) DAYS** thereafter.

3. The Clerk is **DIRECTED** to remand the case to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida-Probate Division and to transmit a certified copy of this Order to the Clerk of that Court.  The Clerk is further directed to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of August, 2012.

　　　　　　　　　　　　　　　　　　　　　/s/ John E. Steele
　　　　　　　　　　　　　　　　　　　　　JOHN E. STEELE
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies:
Counsel of record